UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-20428-GAYLES

DRS. ELLIS, ROJAS, ROSS & DEBS, INC.,
D/B/A KENDALL ANESTHESIA
ASSOCIATES,

    Petitioner,

v.

UMR, INC.,

    Respondent.
_____/

## ORDER

**THIS MATTER** comes before the Court on Respondent UMR, Inc.'s Motion to Dismiss (the "Motion"). [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is granted.

## BACKGROUND

**I.    The No Surprises Act**

In 2020, Congress enacted the No Surprises Act ("NSA"), legislation which "modified portions of the Public Health Services Act, the Internal Revenue Code, and the Employee Retirement Income Security Act . . . to end surprise medical billing by ensuring that certain out-of-network providers . . . are treated the same as in-network providers." *Med-Trans Corp. v. Capital Health Plans, Inc.*, 700 F. Supp. 3d 1076, 1079 (M.D. Fla. 2023) (citing 42 U.S.C. §§ 300gg et seq.). As relevant here, the NSA creates a standardized process for out-of-network providers to submit their bills to insurance companies. 42 U.S.C. § 300gg-112(a)(3). If the parties disagree over the amount owed or the insurance company refuses to pay, the parties participate in

open negotiations. § 300gg-112(b)(1)(A). Should negotiations fail, the parties' dispute goes to Independent Dispute Resolution ("IDR"). § 300gg-112(b)(1)(B). This case deals with whether the Court has subject matter jurisdiction to confirm an award issued pursuant to an NSA-mandated IDR.

**II.     The Parties' IDR and Subsequent Litigation**

Petitioner Drs. Ellis, Rohas, Ross & Debs, Inc. d/b/a Kendall Anesthesia Associates ("Petitioner") is a provider of medical anesthesia services. Respondent UMR, Inc. ("Respondent") is a third-party administrator for self-insured health plans. Petitioner and Respondent do not have a contract setting the rates for the medical services Petitioner provides to participants of plans administered by Respondent. Petitioner, therefore, is "out-of-network" with respect to Respondent. Following a dispute over the amount Respondent owed Petitioner for medical services, the parties participated in an IDR in accordance with the NSA. On April 21, 2023, the IDR entity issued an award in favor of Petitioner in the amount of $2,807.25, to be paid within 30 calendar days (the "IDR Award"). Respondent did not timely pay the IDR Award.

On February 2, 2024, while awaiting payment from Respondent, Petitioner filed this action petitioning the Court to confirm the IDR Award pursuant to Section 9 of the Federal Arbitration Act ("FAA") (the "Petition"). [ECF No. 1]. It is undisputed that, on February 29, 2024, Respondent paid Petitioner the full amount of the IDR Award. Respondent now moves to dismiss for lack of subject matter jurisdiction, arguing that (1) in light of its payment of the IDR Award, the case is now moot and (2) even if the case is not moot, the Petition presents no independent basis for the Court to confirm the award. The Court agrees.

**STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Here, Respondent asserts a factual challenge to this Court's jurisdiction. But, ultimately, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

**DISCUSSION**

"Article III of the United States Constitution requires a live case or controversy at the time a federal court decides the case, and a federal court has no authority to give opinions upon moot questions." *Philippeaux v. Apartment Inv. & Mgmt. Co.,* 598 F. App'x. 640, 642–43 (11th Cir. 2015) (internal quotations omitted). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *KH Outdoor, L.L.C. v. Clay Cnty., Fla.*, 482 F.3d 1299, 1302 (11th Cir. 2007). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Philippeaux*, 598 F. App'x at 643 (quoting *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.,* 162 F.3d 627, 629 (11th Cir.1998)).

Respondent argues that this action no longer presents a live case or controversy because it has paid the IDR award. The Eleventh Circuit has not directly addressed whether the payment of an arbitration award renders a petition to confirm that award moot. However, both the Second Circuit in *Stafford v. International Business Machines Corp.*, 78 F. 4th 62 (2d Cir. 2023), and the Third Circuit in *Teamsters Local 177 v. United Parcel Service*, 966 F.3d 245 (3d Cir. 2020), have addressed the issue, albeit with opposite results.

In *Stafford*, the petitioner obtained an arbitration award against IBM, her former employer. She then filed a petition under the FAA in federal court to confirm the award. Although IBM had already paid the arbitration award in full, the district court granted the petition and confirmed the award. On appeal, the Second Circuit reversed and found that after IBM satisfied the award, "the petition [was] moot because [the petitioner lacked] any concrete interest in the confirmation." *Stafford*, 78 F.4th at 68. In addition, the Second Circuit held that the petitioner's "statutory right to seek confirmation under the FAA" was not "itself enough to create a 'live' controversy" and that she "fail[ed] to show that holding an unconfirmed arbitration award is itself a concrete injury that 'has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Id.* at 69 (quoting *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)).

In *Teamsters*, decided over three years before *Stafford*, the petitioner obtained an arbitration award against United Parcel Service ("UPS"). The arbitration award ordered UPS to "cease and desist" certain actions that violated the parties collective bargaining agreement. After UPS violated the arbitration award, the petitioner moved to confirm it in federal court. The district court dismissed for lack of subject matter jurisdiction. On appeal, the Third Circuit reversed, holding that the parties' dispute was "'live' until the arbitration award is confirmed and the parties

4

have an enforceable judgment in hand." *Teamsters*, 966 F.3d at 252. The Third Circuit "limit[ed] [its] holding to an award for equitable relief and express[ed] no opinion as to whether a party that receives an arbitration award for monetary damages has standing to confirm the award in federal court after those damages are paid in full." *Id.* at 253 n.3.

The Court finds the reasoning in *Stafford* persuasive and more applicable to this action. Here, Petitioner seeks confirmation of a monetary award that has already been satisfied. There is no "issue over payment or ongoing compliance with a prospective award." *Stafford*, 78 F.4th at 68; *see also Billie v. Coverall North America, Inc.*, No. 23-672, 2024 WL 4380618, at * (2d Cir. Oct. 3, 2024) (holding, in accordance with *Stafford*, that a petition to confirm an arbitration award was moot after satisfaction of the monetary award). As a result, there is no longer a live case or controversy.

Petitioner's argument that this case is still "live" because the arbitration process is not concluded until the Court confirms the IDR Award is without merit. Indeed, this is because the NSA does not contemplate any judicial review of an IDR award "except in a case described in any of paragraphs (1) through (4) of section 10(a) of [the FAA]", 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). Nor does it incorporate section 9 of the FAA[1] or even discuss judicial confirmation of an IDR award. *See Guardian Flights LLC v. Health Care Service Corp.*, 735 F. Supp. 3d 742 (N.D. Tx. 2024) (holding that Congress did not create a private remedy under the

---

[1] Notably, section 9 of the FAA provides that [i]f the parties in their *agreement* have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then . . . after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). Here, the parties did not have an agreement to arbitrate. Therefore, the Section 9 of the FAA—and the possibility of a final judgment—does not render this action a live case or controversy.

NSA to enforce awards); *Med-Trans Corp.*, 700 F. Supp. 3d at 1084 ("Neither the NSA nor the FAA says that the FAA bears on the NSA outside the four explicitly incorporated paragraphs").[2]

As Respondent has fully satisfied the IDR Award, this action is moot and must be dismissed for lack of subject matter jurisdiction.[3]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent UMR, Inc.'s Motion to Dismiss, [ECF No. 11], is **GRANTED**;

2. The Petition, [ECF No. 1], is dismissed without prejudice for lack of subject matter jurisdiction.

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] While some courts have confirmed IDR awards, those cases are distinguishable because they have been in the context of a cross motion to vacate the award (pursuant to section 10 of the FAA) where the parties were not contesting subject matter jurisdiction. *See e.g. GPS of New Jersey M.D., P.C. v. Horizon Blue Cross*, No. 22-6614, 2023 WL 5815821, at *10 (D.N.J. Sep. 8, 2023).

[3] Because the Court finds it has no Article III jurisdiction, it does not address Respondent's remaining arguments.